IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CV-00070-FL

| | |
|---|---|
| RUBY K. JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court on plaintiff's motion for judgment on the pleadings (DE # 11), defendant's motion for judgment on the pleadings (DE #17), memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr. (DE #23), and plaintiff's objections to the M&R. (DE #24). The matter is ripe for adjudication.

STATEMENT OF THE CASE

Plaintiff filed an application for disability insurance benefits on December 29, 2003, and alleged an onset of disability on September 25, 2003. Tr. 44-6. After her claim was denied at the initial and reconsideration levels, she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 39-41. A hearing was held by video conference on January 18, 2006, at which plaintiff was represented by non-attorney claimant's representative, Otto Lukert. Tr. 15. Following the hearing, the ALJ issued an unfavorable decision on April 19, 2006, in which he determined that plaintiff was not disabled, as that term is defined in the Social Security Act and Regulations. Tr. 12-25. Plaintiff appealed the ALJ's decision to the Appeals Council, which found no basis for

review on March 21, 2007, making the ALJ's decision the final decision of the Commissioner from which plaintiff now appeals. Plaintiff filed a complaint with this court on May 21, 2007, seeking appellate review of the final administrative decision.

## STATEMENT OF THE FACTS

The undisputed facts are as follows. Plaintiff was thirty four (34) years old at the time of her alleged onset of disability. Tr. 44. Plaintiff claims that she suffers from a disabling combination of back and leg pain, "black outs", arthritis, and depression. Pl.'s Mem. Supp. Mot. J. Pldgs. 2-10. Plaintiff attended school through the ninth grade and later obtained a G.E.D. and a certificate as a nurse's assistant. Tr. 301. She has past work experience as a laundry worker, a certified nurse assistant, a cashier, a cut and close operator, an assistant manager of a Dollar General store, and a worker that ironed logos onto clothing. Tr. 80-1, 302-06.

In his memorandum and recommendation, the magistrate judge found that the ALJ properly evaluated claimant's credibility, that the ALJ properly evaluated her Residual Functional Capacity ("RFC"), and that the ALJ properly concluded that plaintiff could perform her past work.

## DISCUSSION

A.    Standard of Review

The court may "designate a magistrate [magistrate judge] to conduct hearings, including evidentiary hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "The magistrate . . . shall file his proposed findings and recommendations . . . with the court[.]" 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations

2

made by the magistrate judge." Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

When reviewing a decision of an administrative law judge, the court looks to whether there is substantial evidence to support the findings and whether the law was applied correctly. See 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (superseded by statute on other grounds). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (internal citation omitted); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456. Even if the court disagrees with Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Id. With these principles in mind, and having benefit of the M&R, the court turns to the objections at hand.

B. Analysis

Plaintiff raises three objections to the M&R. First, plaintiff claims that the ALJ erred in making his credibility determination and that the magistrate judge erred in approving that credibility determination. Second, plaintiff contends that the magistrate judge erred when he found that the ALJ's explanation in support of his RFC finding was adequate; plaintiff points to a variety of evidence in the record that allegedly contravenes the ALJ's finding. Third, plaintiff argues that the

3

magistrate judge erred when he found the ALJ's determination regarding past work performed was proper.

With respect to credibility, plaintiff alleges that the ALJ did not consider all of the factors that he was required to consider under SSR 96-7p. Specifically, plaintiff argues that the ALJ did not consider the pain medications taken by plaintiff, other measures she uses to alleviate pain, and her daily activities, and did not provide adequate reasons for his findings with respect to those factors he did consider. SSR 96-7p provides a non-exhaustive list of factors that a magistrate judge must consider in determining the credibility with which a claimant alleges disabling symptoms:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p. The policy interpretation ruling also provides guidance regarding the detail with which an ALJ must support his findings:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Id.

4

Plaintiff's argument fails for two reasons. First, although the ALJ is required to consider the factors listed above, and is required to provide cogent reasons for his credibility determination, it is neither necessary nor practical for the ALJ to describe and explain every single piece of evidence in the record which he has considered in making his credibility determination. An ALJ is not required to comment on every piece of evidence in the record, and his failure to cite a specific piece of evidence is not an indication that the evidence was not considered. See, e.g., Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995); see also Phillips v. Barnhart, 91 Fed. Appx. 775, 780 (3d Cir. 2004); Wheeler v. Apfel, 224 F.3d 891, 896 (8th Cir. 2000); Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ clearly stated that he had considered the record as a whole. Tr. 17. He then proceeded to summarize the relevant evidence, both subjective and objective, over a span of more than six single spaced pages. Tr. 17-24. The ALJ specifically mentioned a number of pain medications taken by plaintiff including methadone, Tr. 19, percocet and a recommendation for epidural steroid injections, Tr. 21, and Vioxx and Skelaxin, Tr. 20. In several instances, he took the time to describe plaintiff's reports regarding the effectiveness of her pain medication. See, e.g., Tr. 20 (at an appointment with Dr. McNees plaintiff stated "that the medications had not helped at all and bearing weight was painful"); id. (at an appointment at which patient was found to have no neurological deficits, Dr. Reeg recommended that plaintiff continue taking Bextra); Tr. 21 (hospitalized for back pain, plaintiff claimed that pain medications were not working and that it was too painful for her to walk, but was later admonished and discharged by hospital physician for walking up and down stairs to go outside to smoke cigarettes). The records referenced by the ALJ provide even more detailed descriptions of the plaintiff's medication regimen. See, e.g., exhibit 3F, specifically referred to and described by the ALJ in his decision, which lists patients medications as

5

Rocephin, Toradol, Stadol, Demerol, Phenergan, Tylenol, Maalox, Flexeril, and Ambien. Tr. 103. In short, the ALJ's written opinion is replete with references to the various pain medications taken at various times by plaintiff. The ALJ's decision not to list, in his written opinion, every single medication referenced at any place in the more than three hundred (300) page record does not demonstrate a failure to consider such evidence.

The same is true with respect to alleviating factors for pain and for daily activities. The ALJ noted that plaintiff testified at hearing that her pain was relived by methadone. Tr. 19. He reported her self described positional preferences (in a recliner with her feet up). Id. He listed in detail her self described household routine and daily limitations. Tr. 23-24. At the hearing, the ALJ questioned plaintiff at length regarding aggravating and alleviating factors, both pharmaceutical and positional. Tr. 306-309. The detail with which the ALJ addressed these factors attests to his consideration of all necessary factors in the context of the record as a whole.

Second, plaintiff's argument is not borne out by the record. The ALJ made certain, very specific findings with respect to claimant's credibility. With respect to her alleged back pain he found that "the medical evidence supports the claimant's allegations of back and leg pain from severe degenerative disc disease of the lumbar spine with radiculopathy into the right leg, but not to an extent that would preclude the claimant from performing light work activity." Tr. 22. He then proceeded to detail the affirmative medical evidence in support of his finding regarding pain, over a series of four paragraphs. Id. With respect to syncope, the ALJ found that "the evidence does support claimant's allegations of syncope, but not to the extent she has alleged." Id. He noted that plaintiff claims that she "blacks out" two or three times a day. Id. He described the symptoms associated with several syncopal episodes, which suggest that plaintiff does not suffer from seizures.

6

Tr. 22-23. He noted that, although doctors have admonished plaintiff not to drive, she still drives her son to school. Tr. 23. She has also failed to comply with the repeated suggestion that she stop smoking. Id. With respect to plaintiff's alleged depression, ALJ determined that "the claimant's allegations of the severity of the depression are not supported by the medical evidence." Tr. 24. He noted that, although she had been prescribed an anti-depressant by her primary care physician, she had received no other treatment for depression.[1]

The ALJ then summed up his credibility determination with reference to the fact that plaintiff's testimony at times conflicted with medical evidence in the record, that her documented limitations were not exceptional, that plaintiff has not been compliant with medical advice, and that depression was not listed on her medical record until October 2005 (well after the alleged date of onset). In short, the ALJ took great care not only to detail the objective and subjective evidence in the record that supported his credibility determination but also to explain and then document his rationale with respect to each specific ailment.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). When conflicting evidence is presented, it is up to the ALJ to resolve any inconsistency. Hays, 907 F.2d at 1496. In light of its role here, the court will not disturb the determination of the original fact finder who was present at plaintiff's testimony, and who possesses awareness of all the evidence regarding plaintiff's credibility.

The court therefore finds that the ALJ's decision is supported by substantial evidence in the

---

[1] In a letter submitted by plaintiff for consideration by the appeals council, her primary care physician writes that plaintiff "is severely depressed" but provides no additional detail.

record, and that his reasoning more than adequately "make[s] clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight" as required by SSR 96-7p. Having found that substantial evidence supports the ALJ's conclusion, and that he did not commit legal error by failing directly to address any of the factors required by SSR 96-7p, this court must affirm the ALJs credibility determination. See, e.g., id. at 1456.

Plaintiff's second objection to the M&R attacks the ALJ's RFC determination and the magistrate judge's finding that it was proper. Plaintiff contends that neither the ALJ nor the magistrate judge adequately explained the RFC finding. Plaintiff argues that the record does not support specific conclusions drawn by the ALJ and confirmed by the magistrate judge. Plaintiff's second objection passes over clear evidence in the record, see, e.g., Physical Residual Functional Capacity Assessment by Dr. Sankar Kumar, M.D., described by the ALJ at Tr. 24, and essentially invites this court to reweigh evidence that has already been considered and weighed by the ALJ. Even were the court to disagree with the ALJ's findings, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456. The court finds that substantial evidence supports the ALJ's RFC determination, as required by law.

Finally, plaintiff contends that the ALJ failed adequately to explain his findings regarding the physical requirements of plaintiff's past work. Plaintiff notes that a determination that a claimant

can return to past work must include certain specific findings of fact including:

> (1) a finding of fact as to the individual's RFC;
> (2) a finding of fact as to the physical and mental demands of the past job/occupation; and
> (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62. The ALJ properly arrived at plaintiff's RFC, based in part on Dr. Kumar's RFC assessment, as described above. Plaintiff's prior work as a cashier-checker is categorized in the Dictionary of Occupational Titles as "light work." DOT #211.462-014. Plaintiff testified extensively as to her physical limitations, and the ALJ's decision contains extensive medical evidence as to her actual physical capacity. Substantial evidence supports the ALJ's finding that plaintiff can perform light work. The ALJ specifically found that claimant possesses the Residual Functional Capacity to perform the specific past job of cashier-checker, as confirmed by the vocational expert at testimony. Tr. 319. The court therefore finds that the ALJ satisfied the requirements of SSR 82-62, and plaintiff's third objection is without merit.

For these and other reasons more fully described in the M&R, this court finds that the decision of the ALJ was supported by substantial evidence and resulted from the correct application of the law.

## CONCLUSION

For the foregoing reasons defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion for judgment on the pleadings is DENIED. The clerk is directed to CLOSE this case.

SO ORDERED, this the 12't day of June, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge